IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ELMA M. CARROLL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO. 2:15cv84-CSC |
| | ) | (WO) |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security,[1] | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

**I.  Introduction**

The plaintiff applied for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. §§ 401 et seq., and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 et seq., alleging that she was unable to work because of a disability.  Her application was denied at the initial administrative level. The plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ").  Following the hearing, the ALJ also denied the claim.  The Appeals Council rejected a subsequent request for review.  The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner).[2]  *See  Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).  The case is now before the court for review pursuant

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013.

[2] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

to 42 U.S.C. §§ 405 (g) and 1383(c)(3).  Pursuant to 28 U.S.C. § 636(c), the parties have consented to entry of final judgment by the United States Magistrate Judge.  Based on the court's review of the record in this case and the briefs of the parties, the court concludes that the decision of the Commissioner should be affirmed.

## II.  Standard of Review

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months...

To make this determination[3] the Commissioner employs a five step, sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920.

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of "not disabled."

---

[3]   A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[4]

The standard of review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158–59 (11th Cir. 2004). A reviewing court may not look only to those parts of the record which supports the decision of the ALJ but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179, 1180 (11th Cir. 1986). The court "may not decide the facts anew, reweigh the evidence, or substitute . . . [its] judgment for that of the [Commissioner]." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004) (alteration in original) (quotation marks omitted).

> [The court must, however,] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

---

[4] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986) is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See e.g. Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981) (Unit A).

### III.  The Issues

**A.  Introduction.**  The plaintiff was 48 years old on the alleged date of onset and has a high school education.[5] (R. 38).  The plaintiff's prior work experience includes work as a forklift operator and a packager.  (*Id*.).  Following the administrative hearing, the ALJ concluded that the plaintiff has severe impairments of "post left acromioclavicular surgery, mild multilevel lumbar spine degenerative joint disease, cervical spurring, obesity, and mild hypertension (20 CFR 404.1520(c) and 416.920(c)."  (R. 27).  The ALJ found that Carroll was unable to perform her past relevant work but concluded that she

> has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with the following exceptions and considerations: sit/stand option at will with the employer allowing position change at least every 30minutes; no climbing; no pushing or pulling with upper extremities; frequent reaching except no overhead reaching; and frequent fingering. Additionally, she is limited to simple, routine, repetitive tasks, with ability for concentration, persistence, and pace for two hours at a time over an eight-hour workday.

(R. 34).

Using the Medical-Vocational Guidelines, 20 C.F.R. Pt. 404, Subpt. P., App. 2, as a framework and relying on the testimony of a vocational expert, the ALJ concluded that there were significant number of jobs in the national economy that the plaintiff could perform, and thus, the ALJ concluded that the plaintiff was not disabled.  (R. 38-39).

**B.  The Plaintiff's Claims.**  As stated by Carroll, she presents two issues for the

---

[5]  At the administrative hearing, Carroll testified that she has her general equivalency diploma ("GED"). (R. 51).

4

Court's review:

> 1.   The Commissioner's decision should be reversed, because the ALJ failed to properly consider Ms.Carroll's medically severe cervical spurring in formulating her RFC in violation of *Marbury v. Sullivan*, 957 F.2d 837, 840-41 (11th Cir. 1992).
>
> 2.   The Commissioner's decision should be reversed, because the medical opinions of record fail to support the ALJ's fifth step denial.

(Doc. # 12, Pl's Br. at - & 3).

## IV. Discussion

A disability claimant bears the initial burden of demonstrating an inability to return to her past work. *Lucas v. Sullivan*, 918 F.2d 1567 (11th Cir. 1990). In determining whether the claimant has satisfied this burden, the Commissioner is guided by four factors: (1) objective medical facts or clinical findings; (2) diagnoses of examining physicians; (3) subjective evidence of pain and disability, e.g., the testimony of the claimant and her family or friends; and (4) the claimant's age, education, and work history. *Tieniber v. Heckler*, 720 F.2d 1251 (11th Cir. 1983). The ALJ must conscientiously probe into, inquire of and explore all relevant facts to elicit both favorable and unfavorable facts for review. *Cowart v. Schweiker,* 662 F.2d 731, 735-36 (11th Cir. 1981). The ALJ must also state, with sufficient specificity, the reasons for her decision referencing the plaintiff's impairments.

> *Any* such decision by the Commissioner of Social Security which involves a determination of disability and which is in whole or in part unfavorable to such individual *shall contain a statement of the case, in understandable language, setting forth a discussion of the evidence, and stating the Commissioner's determination and the reason or reasons upon which it is based.*

42 U.S.C. § 405(b)(1) (emphases added).  Within this analytical framework, the court will address the plaintiff's claims.

Carroll first argues that the Commissioner's decision should be reversed because "the ALJ failed to provide for the restrictions imposed" on her by cervical spurring even though the ALJ found it to be a severe impairment. (Doc. # 12, Pl. Br. at 3).  Carroll contends that the ALJ only included restrictions related to her shoulder and back impairments in her residual functional capacity determination. (*Id*.)

An ALJ is required to independently assess a claimant's residual functional capacity "based upon all of the relevant evidence." 20 CFR § 404.1545(a)(3) ("We will assess your residual functional capacity based on all of the relevant medical and other evidence."); 20 C.F.R. § 404.1546(c) ("Responsibility for assessing residual functional capacity at the administrative law judge hearing . . . level.  If your case is at the administrative law judge hearing level . . ., the administrative law judge . . . is responsible for assessing your residual functional capacity.")  *See also Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) ("The residual functional capacity is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite [her] impairments.").  "Residual functional capacity, or RFC, is a medical assessment of what the claimant can do in a work setting despite any mental, physical or environmental limitations caused by the claimant's impairments and related symptoms. 20 C.F.R. § 416.945(a)." *Peeler v. Astrue,* 400 F. App'x 492, 494 n.2 (11th Cir. 2010).  Residual functional capacity is an assessment, based on *all*

6

relevant evidence, of a claimant's remaining ability to do work despite his or her impairments. 20 C.F.R. § 404.945(a)(1). The ALJ found that Carroll had the residual functional capacity to perform light work with restrictions. (R. 34). She specifically limited Carroll to "no pushing/pulling with upper extremities; frequent reaching except no overhead reaching; and frequent fingering." (*Id.*) The ALJ incorporated in her residual functional capacity the need for limited use of her upper extremities.

> The above RFC generally reflects the multiple workers compensation opinions that allowed as much as medium work but never really limited her below light lifting. I accommodated the history of shoulder complaints with only frequent reaching, no overhead reaching, and no pushing or pulling. Due to comparative weakness (but with retained strength) between the left and right arm, I added some fingering limits and a restriction on climbing. The claimant alleged numbness in her hands, but there is no impairment to account for it and her activities are full; there is no indication of inability to use the hands due to numbness. I added a sit stand option to allow for back complaints, although these were minimal.

(R. 34).

Carroll argues that the ALJ "completely dismissed [her] complaints of numbness and hand pain as she reasoned there was "no impairment to account for it." (Doc. # 12, Pl's Br. at 3). Carroll argues that the ALJ improperly substituted her judgment for that of the medical professionals and "demonstrated her lack of knowledge to the symptoms that an objectively identified significant spurring of the neck could impose." (*Id*. at 4). The court disagrees. The ALJ thoroughly considered the medical evidence as well as Carroll's testimony in discounting her complaint of hand numbness.

In discounting Carroll's testimony, the ALJ elaborated on her complaints of numbness

7

in her hands.

> Regarding the claimant's alleged numbness of her hands, she testified that the become numb from activities such as crocheting and washing dishes. however, she regularly performs these activities as well as dusting, mopping, sweeping, vacuuming, cooking, and mowing the lawn, according to her testimony and Function Report (Exhibit 6E). Dr. Hester's examinations from 2009 to 2011 repeatedly reveal she is able to grip, spread her fingers, and extend her thumb (Exhibit 6F). Examination by Dr. Borlaza in November and December 2012 revealed normal range of motion in all joints (Exhibit 8F). The claimant is not found to have a severe impairment of numbness in her hands.

(R. 37). The Court has throughly reviewed the medical evidence in this case. There is no specific mention of pain in Carroll's hands or a complaint of numbness or inability to use her hands. While Carroll complained of pain in her shoulders, the court was unable to find one complaint directly related to her hands. In addition, although Carroll complained once of neck pain, she reported only "a little bit of pain at the base of the neck and some popping in the neck." (R. 289). Carroll does not challenge the ALJ's credibility determination. The court concludes that substantial evidence supports the ALJ's residual functional capacity and that the limitations recognized in the ALJ's residual functional capacity determination sufficiently incorporate Carroll's impairments.

Carroll also asserts that "the medical opinions of record fail to support the ALJ's fifth step denial." (Doc. # 12, Pl's Br. at 5). According to the plaintiff,

> In determining that the worker's compensation doctors' opinions were consistent with their records, the ALJ failed to resolve a major ambiguity that as demonstrated above that their care only focused on Ms. Carroll's shoulder injury. The impairment ratings assessed by Dr. Davis and Dr. Hester only took into account Ms. Carroll's shoulder injury (Tr. 458).

8

(*Id.* at 6).

After attempting to decipher this issue, the court is compelled to observe that in "presenting arguments to busy trial courts, subtlety is no virtue," *United States v. Reyes Vasquez*, 905 F.2d 1497, 1499 (11th Cir. 1990). Moreover, the conclusory statement of law without application to the facts of this case prompts the court to note that both clarity and preparation are virtues which should be sought by all advocates. It appears that Carroll is complaining that, although the ALJ gave substantial weight to Dr. Davis and Dr. Hester her treating physicians for her workers compensation claim, they only treated her shoulder and did not treat any of her other impairments. The court has thoroughly reviewed the medical records in this case. Carroll's complaints revolve around her shoulder injury. It is clear from the ALJ's opinion, and from the record as a whole, that the ALJ reviewed and considered all the medical evidence in the record in determining Carroll's RFC and ability to perform work. The court concludes that the record provides substantial support for the ALJ's conclusions.

## V. Conclusion

The court has carefully and independently reviewed the record and concludes that the decision of the Commissioner is supported by substantial evidence and is due to be affirmed.

The court will enter a separate final judgment.

Done this 18th day of July, 2016.

                                            /s/Charles S. Coody
                                       CHARLES S. COODY
                                       UNITED STATES MAGISTRATE JUDGE